# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**
   **Plaintiff,**

  v.              Case No. 14-CV-0445

**JEFFREY M. GABRYSIAK,**
**GREGORY SCHULER,**
**KATIE WILSON, and**
**ANTHONY A. OWENS, JR.,**
   **Defendants,**

## DECISION AND ORDER

  Plaintiff, Keith London, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on several motions filed by plaintiff and for screening of the complaint.

### I. MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS

  Plaintiff has been assessed and paid an initial partial filing fee of $1.16. I will grant his second motion for leave to proceed in forma pauperis. I will deny as moot plaintiff's first motion for leave to proceed in forma pauperis because it was superseded by the second motion, which used the court's form and was accompanied by a certified copy of plaitniff's prisoner trust account statement.

### II. MOTION TO STAY ALL ORDERS

  In this motion, plaintiff wanted this court to stay all orders and rulings while plaintiff filed an appeal. That appeal has been dismissed by the Seventh Circuit, and this motion will be denied.

## III. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In his complaint, plaintiff alleges that false testimony led to his criminal conviction in Case No. 10-CF-3954 (Milwaukee County). He submits that Assistant Attorney General Jeffrey Gabrysiak used perjured and false testimony to obtain a criminal conviction and that Assistant Attorney General Katie Wilson gave an opening statement on October 16, 2012, in which she described evidence that she knew was false. Additionally, plaintiff contends that Gregory Schuler, a "senior auditor" for the Wisconsin Department of Justice, gave false testimony at the trial and that Anthony Owens, a material state witness, also gave false testimony at the trial.

Success on any of the plaintiff's claims would necessarily imply the invalidity of his criminal conviction, which has not yet been set aside, and therefore these claims are barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). See Moore v. Burge, 771 444, 446 (7th Cir. 2014) (claims alleging that witnesses gave false testimony during trial are barred by Heck). To the extent the claims are not Heck-barred, they would fail on the merits because all of the defendants have absolute immunity. Id.; see also Briscoe v. LaHue, 460 U.S. 325, 326 (1983) (all witnesses, including those acting under color of state law, are absolutely immune from claims for damages alleging that witness gave false

testimony during criminal trial); Fields v. Wharrie, 672 F.3d 505, 512 (7th Cir. 2012) (prosecutors have absolute immunity from claims for damages arising out of conduct that occurred during judicial proceeding). Also, a review of the docket from plaintiff's state criminal case indicates that plaintiff's direct appeal of his state conviction may be ongoing. Thus, abstention under Younger v. Haris, 401 U.S. 37 (1971), might be required. See Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995) (finding Younger abstention proper where claims at issue in § 1983 case raised same issues that might be addressed during state direct appeal). Accordingly, I will dismiss the complaint. Because my decision rests primarily on Heck, the dismissal will be without prejudice. See Moore, 771 F.3d at 446 (dismissal under Heck is without prejudice).

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay all orders and rulings (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $348.68 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account

3

in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2015.

                                              s/ Lynn Adelman
                                              _____
                                              LYNN ADELMAN
                                              District Judge